UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24176-WILLIAMS/MCALILEY

MSP RECOVERY CLAIMS, SERIES LLC,
*et al.*,

      Plaintiffs,

v.

NORTHLAND INSURANCE COMPANY,
*et al.*,

      Defendants.
_____/

**ORDER GRANTING IN PART MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs filed a Motion for Leave to File Second Amended Complaint, which the Honorable Kathleen M. Williams referred to me for resolution. (ECF Nos. 7, 54). Defendants filed a response, and Plaintiffs a reply. (ECF Nos. 58, 60). For the reasons explained below, the Motion is granted in part.

**I.    BACKGROUND**

For the past several years, Plaintiff MSP Recovery Claims, Series LLC ("MSPRC") has filed putative class action lawsuits around the country, in its own name or through one or more of its designated series entities, against various insurance companies, including the defendants here, to remedy alleged violations of the Medicare Secondary Payer Act ("MSP Act"). Many lawsuits often follow a pattern: MSPRC first files a complaint that lacks specific facts that support its claims, the insurance company files a motion to dismiss and

MSPRC thereafter amends its complaint, either on its own initiative or in response to the court's ruling on the motion to dismiss. The arguments raised at the dismissal stage typically include, among others, lack of standing and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This lawsuit fits that pattern.

Plaintiffs filed their Class Action Complaint against Defendants in October 2020 asserting two claims: (1) a private cause of action under § 1395y(b)(3)(A) to recover double damages for Defendants' alleged failure "to make appropriate and timely reimbursement of conditional payments for [Medicare] Enrollees' accident-related medical expenses" and (2) breach of contract pursuant to 42 C.F.R. § 411.24(e). (ECF No. 1 at 23-26). Defendants filed a Motion to Dismiss arguing that Plaintiffs: (i) lack standing, (ii) fail to plead sufficient facts to state a claim for relief under the MSP Act, and (iii) fail to plead the elements of a breach of contract. (ECF No. 17 at 14-22). Defendants further argued that the doctrine of claim preclusion requires dismissal, and that the Court lacks personal jurisdiction over all but one defendant. (*Id*. at 23-25).

Before the Court ruled on Defendants' motion to dismiss, on February 9, 2021, Plaintiffs filed a First Amended Complaint ("FAC") as a matter of course. (ECF No. 32). The FAC raises the same causes of action as the original complaint but, unlike its predecessor, alleges eight (8) representative sample claims, which Plaintiffs call "exemplars." (ECF No. 32 at 24-36). Defendants again filed a motion to dismiss. (ECF No. 38). It mostly makes the same arguments as the prior Motion to Dismiss, except that Defendants no longer argue claim preclusion. (ECF No. 38).

Plaintiffs thereafter filed the Motion for Leave to Amend now before the Court, that

asks for permission to file a second amended complaint (the "Proposed SAC"). (ECF No. 54). The Proposed SAC asserts the same causes of action as its predecessors, but changes the parties and exemplars. (ECF No. 54-1). In particular, it removes MSPA Claims 1, LLC and Series PMPI as plaintiffs and substitutes MSP Recovery Claims Series 44, LLC.[1] It also removes two defendants[2] and adds one defendant[3] that corresponds to new exemplar claims. The Proposed SAC also removes three (3) exemplars alleged in the FAC, revises the remaining five (5) exemplars, and adds seventeen (17) new exemplars, which results in nearly a three-fold increase in the number of exemplars alleged.

Plaintiffs contend that amendment is necessary for two reasons: first, "to incorporate additional factual allegations regarding certain *exemplar* claims" that address arguments Defendants' made in their pending Motion to Dismiss, and second, to "directly address the issues recently raised" by two district court judges with this Court when they ruled on motions to dismiss in "substantially similar" cases. (ECF No. 54 at 2, 4). Plaintiffs argue that they have not unduly delayed seeking amendment because the Court had not yet set a deadline to amend pleadings, and Defendants will not suffer prejudice because "[t]he case is in the earliest stages of litigation as a Scheduling Order has yet to be issued in this case." (ECF No. 54 at 5). Defendants oppose Plaintiffs' Motion, arguing that "it would be highly

---

[1] MSPC remains a plaintiff in the Proposed SAC.

[2] Defendants "Travco Insurance Co." and "The Automobile Insurance Company of Hartford, Connecticut" are no longer named defendants in the Proposed SAC.

[3] Although Plaintiffs state that the Proposed SAC "adds two party defendants," (ECF NO. 54 at 2), a comparison of the FAC and Proposed SAC reveals that only "The Travelers Indemnity Company of Connecticut" is a newly identified defendant.

unfair, costly, and prejudicial to force Defendants to bear the substantial cost of investigating and responding to yet another complaint after Plaintiffs have failed multiple times to state a cognizable claim over which the Court has jurisdiction." (ECF No. 58 at 9). Defendants also argue that amendment is improper because "Plaintiffs seek to amend with information that they have had for years." (*Id.*). With these arguments in mind, I evaluate the merits of the Motion.

## II.     ANALYSIS

Where a party has amended its pleading once as a matter of course, that party may thereafter amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs bear the burden of demonstrating that they are entitled to amendment. *See Johnson v. Georgia Department of Veterans Services*, 791 Fed. App'x 113, 116 (11th Cir. 2019) (quotation marks omitted) (citing *In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014)). "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Board of Regents of Div. of the Division of Universities of the Florida Dept. of Education*, 342 F.3d 1281, 1287 (11th Cir. 2003) (alterations and quotation marks omitted). I address separately Plaintiffs' request to amend the exemplars and parties.

    1.     <u>Amendment of Exemplars</u>

Plaintiffs argue that amendment is necessary to conform the FAC to rulings issued by the Honorable Cecilia M. Altonaga in *MSP Recovery Claims Series LLC v. Amerisure*

*Insurance Company, et al.*,[4] and the Honorable Darrin P. Gayles in *MSP Recovery Series LLC, et al. v. United Services Automobile Association, et al.*,[5] on similar motions to dismiss. (ECF No. 54 at 4). This assertion is not supported by the record.

Judge Altonaga issued her Omnibus Order on the defendants' motions to dismiss on February 1, 2021, more than a week *before* Plaintiffs filed the FAC. *See Amerisure Ins. Co.*, 2021 WL 358670. Plaintiffs filed the FAC on a date of their own choosing – on February 9, 2021 – rather than in response to a court deadline. (ECF No. 20). Plaintiffs had the opportunity, before they filed the FAC, to consider the impact of Judge Altonaga's Omnibus Order on their complaint, and thus could have incorporated any necessary changes at the time they filed the FAC. Rather, Plaintiffs waited more than three months after Judge Altonaga's Omnibus Order to seek leave to amend — and they offer no justification for this delay. "[T]he mere passage of time is not enough to deny a motion to amend"; however, a court may nonetheless deny leave where "there seems to be no good reason" why the plaintiff could not have included the additional allegations earlier in the case. *Colon v. SE Independent Delivery Services, Inc.*, No. 8:17-cv-1578, 2017 WL 8362872, at *1 (M.D. Fla. Dec. 21, 2017) (quoting *Burns v. Winnebago Indus., Inc.*, 492 Fed. App'x 44, 46 (11th Cir. 2012) (citing *Loggerhead Turtle v. Cnty. of Volusia Cnty., Fla.*, 148 F.3d 1231, 1256-57 (11th Cir. 1998)). I can see no good reason for Plaintiffs' delay.

---

[4] *Omnibus Order*, No. 20-cv-24077 at ECF No. 35.

[5] *Order*, No. 20-cv-21530 at ECF No. 57.

Further, Plaintiffs have not shown that the Proposed SAC remedies the deficiencies that Judge Altonaga identified in her Omnibus Order. Judge Altonaga held that MSPRC failed to demonstrate standing because "there are no factual allegations in the Complaints of an instance (or representative example) illustrating Plaintiffs' assignors suffered an injury in fact…[such as] identify[ing] any beneficiary, insurance policy, medical expense, unreimbursed conditional payment, or any specific Defendant responsible for payment under the MSP Act in the Complaints." *Amerisure Ins. Co.*, 2021 WL 358670 at *3. Unlike the complaint before Judge Altonaga, the FAC includes eight exemplars in which Plaintiffs allege the kind of factual details that Judge Altonaga found missing in *Amerisure*.[6] The FAC thus appears to address deficiencies that Judge Altonaga found in the complaint before her, and Plaintiffs' second justification for amendment falls flat.

The same is true regarding Judge Gayles' Order. Judge Gayles held that MSPRC's complaint was a shotgun pleading because it (1) "attempts to raise a 'greater universe' of MSP Act claims without providing any detail about those claims beyond the Exemplars," (2) "lumps together that 'greater universe' of MSP Act claims in only two counts – a clear violation of Rule 10's requirement that claims be 'limited as far as practicable to the a single set of circumstances,'" (3) "improperly incorporate[s] all of the factual allegations into each count…," and (4) "asserts claims against all of the Defendants without specifying which of the Defendants are responsible for which acts or omissions." *United Services Auto. Ass'n*, 2021 WL 861314 at *4.

---

[6] The Court does not address here whether the exemplars alleged in the FAC are sufficient to demonstrate standing or state a claim for relief.

The Proposed SAC does not cure the first two deficiencies that Judge Gayles identified, as it does not provide any details about the specific claims at issue beyond the exemplars, and continues to group the MSP Act claims into two counts. Judge Gayles' third reason is inapplicable. It is true that Count II of the Proposed SAC no longer incorporates all preceding allegations. However, Plaintiffs do not intend to pursue this cause of action and seek to remove Count II from the Proposed SAC. (ECF No. 60 at 2, n.1). Judge Gayles' final reason for dismissal is also inapplicable here, as the FAC identifies, for each exemplar, which defendant insurer is allegedly responsible for reimbursement. (*See* ECF No. 32 at 24-36). Thus, this justification for the Proposed SAC does not hold up.

Judge Gayles issued his Order on March 8, 2021, more than a month before the deadline for Defendants to respond to the FAC, and two months before Plaintiffs filed their Motion for Leave to Amend. *See United Services Auto Ass'n.*, 2021 WL 861314; (ECF No. 39, *Paperless Order Granting Unopposed Motion for Extension of Time*). Again, Plaintiffs had ample time, before Defendants filed their Motion to Dismiss, to evaluate the effect of Judge Gayles' Order and consider whether it gave reason to amend the FAC. "[A]llowing Plaintiff[s] to constantly amend [their] complaint causes undue prejudice to Defendants who are constantly forced to respond to new allegations. Plaintiff[s] cannot make [their] claims in this action a moving target." *Hunt v. Key Bank USA, N.A.*, No. 10-14111, 2012 WL 13015124, at *3 (S.D. Fla. Feb. 6, 2012) (alterations added).

In sum, Plaintiffs have not shown that they are entitled to leave to amend. The Court does recognize, however, that the Proposed SAC includes revisions to five exemplar claims

alleged in the FAC, and those revisions attempt to address arguments that Defendants raise in their pending Motion to Dismiss. For that reason, the Court will permit Plaintiffs to file a second amended complaint that contains the revisions of the exemplar claims in the FAC (*i.e.,* exemplar claims of N.W., E.C., E.L., L.M. and K.P.). (*See* ECF No. 54-1 at 28-30, 33-39, 67-69, 71-73).

    2.    <u>Amendment of Parties</u>

Plaintiffs assert that amendment is necessary to remove MSPA Claims 1, LLC and Series PMPI as plaintiffs because none of the exemplar claims alleged in the Proposed SAC involve those entities. (ECF No. 54 at 2). Defendants do not contend that this revision will result in undue delay or undue prejudice and the Court deems it permissible.

Plaintiffs also ask to add MSP Recovery Claims Series 44, LLC ("Series 44") as a party plaintiff because MSPRC assigned to Series 44 certain of the new exemplar claims that Plaintiffs wish to add to the Proposed SAC. (ECF No. 60 at 5 n.3). Defendants are correct that this assignment took place before Plaintiffs filed the FAC, (ECF No. 58 at 10), and Plaintiffs offer no justification for waiting several months to make this revision. The Court, however, declines to allow Plaintiffs to add this party for a different reason. Plaintiff MSPRC is the sole assignee of the claims set forth in the five exemplars which Plaintiff may amend in the SAC. (*See* ECF No. 54-1 at ¶¶ 119, 150, 161, 296, 318) ("Accordingly, *MSPRC* is entitled to recover double the amount billed for [enrollee's] accident-related medical expenses.") (emphasis supplied). That being so, only MSPRC can have standing to bring those claims and amendment to add Series 44 as a party plaintiff would be futile.

In sum, Plaintiffs may file a second amended complaint that: (i) is limited to

exemplars in the FAC that they want to continue to assert (N.W., E.C., E.L., L.M., and K.P). (ECF No. 54-1 at 28-30, 33-39, 67-69, 71-73), (ii) removes MSPA Claims 1, LLC and Series PMPI as party plaintiffs, (iii) removes Travco Insurance Co. and The Automobile Insurance Company of Hartford, Connecticut as party defendants, (iv) adds The Travelers Indemnity Company of Connecticut as a party defendant and (v) removes Count II for breach of contract.

Plaintiffs' arguments support these amendments. The allowed amendments do not substantially rework the FAC, such that Defendants – should they choose to move to dismiss the SAC – should be able to easily modify the pending Motion to Dismiss to address the SAC, without causing undue prejudice to Defendants.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiffs' Motion for Leave to File Second Amended Complaint, (ECF No. 54), is **GRANTED IN PART AND DENIED IN PART**. This Court grants Plaintiffs leave, no later than August 11, 2021, to file a second amended complaint in accordance with this Order.

DONE and ORDERED in Miami, Florida this 28th day of July 2021.

*[signature]*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
      Counsel of record