UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24176-WILLIAMS/MCALILEY

MSP RECOVERY CLAIMS, SERIES LLC,
*et al.*,

  Plaintiffs,

v.

NORTHLAND INSURANCE COMPANY,
*et al.*,

  Defendants.
_____/

**<u>ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY</u>**

  Defendants have filed a Motion to Stay, which the Honorable Kathleen M. Williams referred to me for resolution. (ECF Nos. 48, 51). Defendants ask the Court to: (i) stay discovery pending resolution of Defendants' Motion to Dismiss First Amended Complaint, *or* (ii) limit discovery to class certification issues and the exemplar claims set forth in the operative complaint, and postpone merits discovery until after the class certification stage, *and* (iii) stay the entire action pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. (ECF No. 48). The Motion is fully briefed, (ECF Nos. 59, 61). On June 23, 2021, the Court heard argument from counsel about that portion of the Motion that concerns Rule 41(d). (ECF No. 77).

**I. The First Amended Complaint**

  This action is one of many putative class action lawsuits that Plaintiff MSP Recovery Claims Series, LLC ("MSPRC") and/or its designated series have filed against

1

various insurance companies, including Defendants, seeking reimbursement pursuant to the Medicare Secondary Payer Act, 42 U.S.C. §1395y *et seq*. (the "MSP Act"). Plaintiffs allege that Defendant insurers had primary payor obligations under the MSP Act, and Plaintiffs' assignors, Medicare Advantage Plans ("MA Plans"), had secondary payor status under the Act. Plaintiffs allege that the MA Plans conditionally paid accident-related medical expenses for Medicare enrollees and Defendants are obligated to reimburse those funds to Plaintiffs. (ECF No. 32 at 2-3).

Plaintiffs' First Amended Complaint ("FAC"), asserts two causes of action: (1) a private cause of action under § 1395y(b)(3)(A) to recover double damages for Defendants' alleged failure "to make appropriate and timely reimbursement of conditional payments for [Medicare] Enrollees' accident-related medical expenses" and (2) breach of contract pursuant to 42 C.F.R. § 411.24(e). (ECF No. 32 at 42-44).

Plaintiffs seek to certify two classes, one of which is a class of "MA Plans (or their assignees) that provide benefits under Medicare Part C in the United States and its territories, who made payments for a Medicare Enrollee's accident-related medical expenses within the last six years from the filing of the Complaint…" (the "the No Fault Class"). (ECF No. 32 at ¶ 177).[1]

The FAC includes eight (8) representative sample claims, which Plaintiffs call "exemplars." The exemplars provide details about each of those claims, such as the identity

---

[1] Although the FAC labels the putative class the "Contractual Obligations Class" the Court finds the "No Fault Class" more descriptive here. (*See* ECF 32 at ¶ 2).

2

of the injured Medicare beneficiary, the amount of the unreimbursed conditional payment, and the insurance company allegedly responsible for payment under the MSP Act. (*Id*. at 24-36). Plaintiffs' claims for relief are not limited to the exemplars.[2] They also attach to the FAC a spreadsheet of more than a thousand rows, each of which allegedly represents an unreimbursed conditional payment for which Plaintiffs seek reimbursement (the "Claims Spreadsheet"). (ECF No. 32-2, *Exhibit B*). Plaintiffs sue to recover not only the unreimbursed payments identified in the eight (8) exemplars, but also those funds referenced in the Claims Spreadsheet (*see e.g.*, ECF No. 32 at ¶ 40).

Recently, the Court granted Plaintiffs limited leave to file a Second Amended Complaint, and on this basis denied as moot Defendants' motion to dismiss the FAC. (ECF Nos. 87, 88).

## II. Prior Lawsuits

Defendants' Motion to Stay rests, in part, on two prior similar lawsuits MSPRC filed against insurers for reimbursement under the MSP Act: (1) *MSP Recovery Claims, Series LLC v. Travelers Casualty and Surety Company*, No. 17-cv-23883-Gayles (S.D. Fla.) (the "Prior Travelers Action"), and (2) *MSP Recovery Claims, Series LLC, et al. v. The Phoenix Insurance Company*, No. 5:19-cv-436 (N.D. Ohio) (the "Prior Phoenix

---

[2] (*See e.g., id*. at ¶ 80-81) ("However, the entire universe of unreimbursed conditional payments owed to Plaintiffs…*cannot be fully identified without discovery* and matching of the Parties' data…[t]o *illustrate* the types of claims at issue…Plaintiffs have identified multiple instances in which Plaintiffs' assignors made conditional payments for accident-related medical expenses which should have been reimbursed by Defendants. These *specific examples* of Defendants' failures to reimburse are alleged as exemplar claims below.") (emphasis supplied); ¶ 88 ("Plaintiffs set forth the *examples below to illustrate* Defendants' systematic and uniform failure to fulfill their statutory duties as 'no-fault' and/or other liability insurers.") (emphasis supplied).

Action") (together the "Prior Actions").

In the Prior Travelers Action, MSPRC asserted the same causes of action that it does here, and, like this suit, MSPRC sought to certify a No Fault Class, the only difference being the geographic limitation (rather than the nationwide class Plaintiffs propose here, the class there was limited to benefits paid in Florida) and the time frame (2011-2017), which overlaps the timeframe proposed in the class here. (*See* Travelers Action at ECF No. 43). MSPRC attached a Claims Spreadsheet to its operative pleading in the Prior Travelers Action, which includes 537 claims that are also included in the Claims Spreadsheet attached to the FAC in this suit. (*See* ECF No. 82 at ¶ 1, *Plaintiffs' Notice of Filing*). Travelers Casualty and Surety Company filed multiple motions to dismiss, none of which the court ruled upon because MSPRC responded by amending its complaint. Ultimately, MSPRC voluntarily dismissed the Travelers Action. (*See* Prior Travelers Action at ECF No. 59).

In the Prior Phoenix Action, MSPRC, along with one of its designated series entities, Series 16-11-509, LLC ("Series 16"), asserted one cause of action against The Phoenix Insurance Company for violation of 42 U.S.C. § 1395y(b)(3)(A). (ECF No. 48-13). Like this suit, those plaintiffs alleged that The Phoenix Insurance Company was liable for reimbursement of accident-related medical expenses that MA Plans conditionally paid on behalf of Medicare beneficiaries. (*Id*). They also sought to certify a class, similar to one of the proposed classes here. (*Id*. at 20-21). The Phoenix Court granted the defendant's motion to dismiss in part and dismissed MSPRC for lack of standing. (ECF No. 59 at 7). Series 16 thereafter voluntarily dismissed that lawsuit. (ECF

4

No. 48-10).

As mentioned above, Defendants ask the Court to stay: (1) discovery pending resolution of Defendants' Motion to Dismiss or, alternatively, limit discovery to the exemplars and class certification, and (2) the entire case under Rule 41(d) until MSPRC pays the attorneys' fees and costs that Travelers and Phoenix incurred defending the Prior Actions. (ECF No. 48, generally). I address the Rule 41(d) argument first.

### III.   Rule 41(d)

One of the remedies Defendants seek is an order, under Federal Rule of Civil Procedure 41(d), that stays this case until MSPRC pays the attorneys' fees and costs that Travelers and Phoenix incurred defending the Prior Actions. (ECF No. 48, generally).

Rule 41(d) provides that where "a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant" the court "may order the plaintiff to pay all or part of the costs of that previous action…and may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). To prevail, Defendants "must show: (1) that the plaintiff dismissed a previous action, (2) that the plaintiff then commenced a second action that is based upon or includes the same claim against the same defendants, and (3) that the defendant incurred costs in the prior action that will not be useful in the newly-filed litigation." *Rodriguez & Gonzalez Investments, LLC v. Scottsdale Ins. Co.*, No. 19-25261-Civ-Williams/Torres, 2020 WL 4905437, at *1 (S.D. Fla. March 3, 2020), *report and recommendation adopted*, No. 19-25261-Civ, 2020 WL 4905438 (S.D. Fla. April 14, 2020). I separately analyze the Prior Actions to determine whether Defendants have satisfied these elements.

### A. The Prior Phoenix Action

The parties in the Prior Phoenix Action were (i) MSPRC, a plaintiff here, (ii) plaintiff Series 16 and (iii) The Phoenix Insurance Company, one of the defendants here. Although MSPRC is a common plaintiff in both lawsuits, that alone does not satisfy the first element of a Rule 41(d) analysis. As a common plaintiff, MSPRC must have dismissed the prior action, and it did not do so. It was Series 16 that voluntarily dismissed the Prior Phoenix Action, and it is not a party here. (*See* ECF No. 48-10, *Joint Stipulation and Consent of Dismissal Without Prejudice*).

Defendants try to get over this hurdle by arguing that MSPRC and Series 16 are "the same for purposes of Rule 41(d)" because they are in privity with each other. (ECF No. 61 at 8). At the hearing, MSPRC agreed that their operating agreement puts them in privity with Series 16. While privity may exist, Defendants have not offered any legal authority to apply this concept to the first element of Rule 41(d), and the Court is aware of none.

The Rule is clear: it applies to "a plaintiff who previously dismissed an action in any court…." Fed. R. Civ. P. 41(d). The Court must "construe rules of procedure…by determining the rule's plain meaning" and "are [not] permitted to add words to the rule." *Ruiz v. Wing*, 991 F.3d 1130, 1138-39 (11th Cir. 2021). MSPRC is not a plaintiff who previously dismissed an action against Phoenix and, therefore, Rule 41(d) is inapplicable as between them.

### B. The Prior Travelers Action

The first element of Rule 41(d) is clearly satisfied: MSPRC was a plaintiff in the

Prior Travelers Action and voluntarily dismissed that lawsuit against Travelers Casualty and Surety Company, a defendant here. (*See* ECF No. 48-1 at 9).

      **1.**     **Same Claim**

With respect to the second element, the Court must determine whether this action "is based on or includes the same claim" as the Prior Travelers Action. MSPRC argues that this lawsuit is materially different than the Prior Travelers Action because "[t]he current exemplar claims…arise from different assignors, pursuant to different assignment chains, and concern different accidents, insurance policies, and failures to reimburse." (ECF No. 59 at 14). MSPRC characterizes the relevant inquiry too narrowly. "The mere addition of a defendant or a new claim or two does not prevent the application of Rule 41(d) so long as there are claims in the new case that arise from the same nucleus of operative facts such that the new case can be said to be 'based on or including' previously brought and dismissed claims." *Russel-Brown v. Jerry, II*, 270 F.R.D. 654, 660 (N.D. Fla. 2010).

The FAC here is not limited to its exemplars. (*see* ECF No. 32 at ¶¶ 80-81, 88). Its Claims Spreadsheet references hundreds of claims for unreimbursed conditional payments that were also at issue in the Prior Travelers Action. (*See* ECF No. 82 at ¶ 1) (comparing the Claims Spreadsheet attached to the FAC with the Claims Spreadsheet in the Prior Travelers Action). Additionally, the proposed class that Plaintiffs seek to certify here includes putative class members from the Prior Travelers Action. Both cases allege a No-Fault Class with overlap in geographical location (the United States here, and Florida in the Prior Travelers Action) and time period (2014-2020 here, and 2011-2017

in the Prior Travelers Action). Both cases also assert the same two causes of action.

Although the exemplar claims are different between the two lawsuits, the cases are still substantially the same. Another District Court recently reached this conclusion in a Rule 41(d) analysis. In *MSP Recovery Claims, Series LLC v. Hartford Financial Services*, the Court considered, and rejected, the same arguments that MSPRC makes here. *Hartford Financial Services*, No. 3:20-CV-305 (JCH) (D. Conn. March 2, 2021) (*See* ECF No. 48-11). There, MSPRC argued that Rule 41(d) is not satisfied because "the 'representative claims' in the [prior] Florida actions are not the same as the exemplar claims in the current case." (*Id*. at 23). The Court disagreed, reasoning that "[g]iven MSPRC's pleading method of not specifically describing every claim within the body of each complaint, this comparison is meaningless." (*Id*.). MSPRC also argued, in *Hartford*, that Rule 41(d) was inapplicable because certain of its alleged assignments were executed after MSPRC filed its prior Florida actions. (*Id*. at 25). Again, the Court disagreed because "the addition of new claims to previously filed claims does not preclude an order under Rule 41(d). Given the overlap between the [Claims Spreadsheets] submitted in the [prior] Florida actions and the current case, it is clear that there is at least some overlap between the claims raised in the Florida actions and those raised in the current case." (*Id*) (citation omitted).

The Court agrees with the analysis set out in *Hartford*, and concludes that the current case "is based upon or includes the same claim against the same defendant" as the Prior Travelers Action, and thus the second element of Rule 41(d) is satisfied.

**2.     Costs**

The last element of Rule 41(d) considers whether the defendant incurred costs in the prior action that will not be useful in the newly filed litigation. *See Rodriguez & Gonzalez Investments, LLC*, 2020 WL 4905437 at *1. The Rule provides that the Court "may order the plaintiff to pay all or part of the costs of th[e] previous action…and may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). Defendants request this relief and contend that the term "costs" in Rule 41(d) include attorneys' fees.

Neither the Rule nor the Advisory Committee Notes define the term "costs" in Rule 41(d) and courts are divided whether it includes attorneys' fees. *Wishneski v. Old Republic Ins. Co.*, No. 5:06-CV-148, 2006 WL 4764424, at *3 (M.D. Fla. Oct. 10, 2006) (collecting cases). The Eleventh Circuit has not resolved this issue.

Defendants point out that "most District Courts in this Circuit have held that attorneys' fees may be awarded as part of the costs recovered pursuant to Rule 41(d)." *Rodriguez*, 2020 WL 4905437 at *2 (citing cases). Those decisions, however, mostly provide little explanation for their reasoning and I therefore do not find them particularly helpful.  Moreover, they are at odds with "the bedrock principle known as the American Rule…[that] [e]ach litigant pays [its] own attorneys' fees, win or lose, unless a statute or contract provides otherwise." *Barker Botts L.L.P. v. ASARCO LLP*, 576 U.S. 121, 126 (2015) (citation omitted).

The *Wishneski* Court, however, did explain its rationale for concluding that "costs", in Rule 41(d), includes attorneys' fees: it found that a "bad faith" exception to the American Rule permits such an award. *Wishneski*, 2006 WL 4764424 at *4.

Specifically, it found that a court has "discretion to award attorneys' fees as part of a cost award under Rule 41(d) only if necessary to deter vexatious and repetitive litigation and where the plaintiff has refiled the same previously dismissed suit in bad faith."[3] *Id*. I note that other courts, however, have called this rationale into question. *See e.g., Fees v. Zarco*, No. 17-cv-20564-Moore, 2019 WL 2105922, at *2 (S.D. Fla. March 8, 2019) ("Having reviewed the relevant case law, the Court concludes that the prevailing law of the Eleventh Circuit does not require a showing of bad faith in order to award attorneys' fees.").

The *Wishneski* Court also addressed a different approach that some courts, including the Sixth Circuit, have adopted. They refuse to award attorneys' fees under Rule 41(d) because "[t]he rule does not explicitly provide for them" and "[w]here Congress has intended to provide for an award of attorneys' fees, it has usually stated as much and not left the courts guessing." *Wishneski*, 2006 WL 4764424 at *3 (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 875 (6th Cir. 2000).[4] The Wishneski Court did not follow this approach, in part because it found that courts have more flexibility interpreting rules, than they do statutes. *Id*. ("[W]here the Court is interpreting a Rule of Civil Procedure, as opposed to a situation where the Court is interpreting a statute drafted

---

[3] The Second Circuit Court of Appeals reached a similar conclusion when it held that the purpose of Rule 41(d), "to serve as a deterrent to forum shopping and vexatious litigation", would be "substantially undermined were the awarding of attorneys' fees to be precluded." *Horowitz v. 148 South Emerson Associates LLC*, 888 F.3d 13, 25 (2nd Cir. 2018).

[4] *See also Little v. Ritchey's Truck Repair, Inc.*, No. 8:20-cv-2196, 2021 WL 54725, at *1 (M.D. Fla. Jan. 6, 2021) (declining to award attorneys' fees because "neither Rule 41(d), nor 28 U.S.C. § 1920 which lists taxable costs, lists attorney's fees as recoverable.").

and enacted by Congress[,] [it] undermines to some degree the rationale for the conclusion that attorney's fees cannot be awarded under Rule 41(d))." On this last point, I cannot agree. The Eleventh Circuit recently stated that "[w]e construe rules of procedure like any other statutory scheme, i.e., by determining the rule's plain meaning." *Ruiz*, 991 F.3d at 1138 (citation omitted).

The application of this guidance here is not so simple, as it is not clear that "costs" has a plain meaning in Rule 41(d). The Supreme Court recognized as much, when it wrote that the term "costs" is subject to "varying definitions." *Marek v. Chesney*, 473 U.S. 1, 8 (1985). The *Marek* Court considered whether the term "costs" in Federal Rule of Civil Procedure 68 includes attorneys' fees. The *Marek* Court reasoned that the authors of the Rule were aware that some federal statutes explicitly included attorney's fees as part of costs, while other statutes did not, yet Rule 68 does not define the term. *Id*. at 8-9. The Court concluded that "it is very unlikely that this omission was mere oversight; on the contrary, the most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority…[t]hus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied that such fees are to be included as costs for purposes of Rule 68." *Id*. at 9.

Several Circuit Courts of Appeal have relied upon *Marek* to adopt a hybrid approach when considering whether Rule 41(d)'s cost award includes attorneys' fees. *See Garza Citigroup, Inc.*, 881 F.3d 277 (3d Cir., 2018); *Esposito v. Piatrowski*, 223 F.3d 497 (7th Cir. 2000); *Andrews Am.'s Living Ctrs., LLC*, 827 F.3d 306 (4th Cir. 2016);

11

*Portillo v. Cunningham*, 872 F.3d 728, 138-89 (5th Cir. 2017). These courts do not automatically exclude an award of attorneys' fees but, rather, are guided by whether the underlying substantive statute defines "costs" to include attorneys' fees. Among the varying approaches to determining whether costs, in Rule 41(d), include attorneys' fees, I find this most sensible, and I therefore conclude that costs under Rule 41(d) includes attorneys' fees only when the underlying substantive statute so defines "costs."

Here, it is undisputed that the statute upon which this action is based, the MSP Act, does not authorize an award of attorneys' fees, much less define costs to include attorneys' fees. From this I conclude that Travelers Surety and Casualty Company cannot recover any attorneys' fees incurred in the Prior Travelers Action under Rule 41(d).

As for costs other than attorneys' fees, Defendants have not provided the Court with information to determine the amount of costs that Travelers Surety and Casualty Company previously incurred that will not be useful in this litigation. The Court thus reserves ruling on the amount of costs it will award.

## IV.   Stay of Discovery

Defendants ask the Court to stay discovery until resolution of its Motion to Dismiss or, alternatively, to limit discovery to class certification and the exemplar claims set forth in the First Amended Complaint. (ECF No. 48 at 16-21). The Court recently denied the Motion to Dismiss as moot given its decision to grant Plaintiffs leave to file a second amended complaint. (ECF Nos. 87, 88). There is thus no basis to entirely stay discovery. As for Defendants' request to limit the scope of discovery to the exemplars, the Court denies this without prejudice. Defendants may file a renewed motion after

Plaintiffs file their second amended complaint.

## V. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that Defendants' Motion to Stay, (ECF No. 48), is **GRANTED IN PART**. The parties shall promptly meet and confer to agree on the amount of costs that MSPRC must pay to Travelers Surety and Casualty Company pursuant to Rule 41(d). If the parties cannot reach agreement, then Defendants shall submit, within **thirty (30) days from the date of this Order**, proof of the costs from the Prior Travelers Action that Travelers Surety and Casualty Company is entitled to recover under Rule 41(d), along with a memorandum that demonstrates that such costs will not be useful in this litigation. Since the amount of costs to be awarded remains pending, the Court declines to exercise its discretion at this time to stay these proceedings until MSPRC makes full payment. However, should MSPRC fail to timely pay the costs ultimately agreed to or awarded, Defendants may file a renewed motion for stay.

DONE and ORDERED in Miami, Florida this 4th day of August 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Kathleen M. Williams
      Counsel of record

13