UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24176-WILLIAMS/MCALILEY

MSP RECOVERY CLAIMS, SERIES LLC,
*et al.*,

      Plaintiffs,

v.

NORTHLAND INSURANCE COMPANY,
*et al.*,

      Defendants.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

The Connecticut Defendants [1] have filed a Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction ("the Motion"), which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 107, 120). The Motion is fully briefed. (ECF Nos. 109, 113, 114). For the reasons explained below, I recommend that the Court grant the

---

[1] The Connecticut Defendants are: The Travelers Indemnity Company; The Travelers Indemnity Company of Connecticut; Travelers Casualty and Surety Company; Travelers Casualty and Surety Company of America; The Travelers Casualty Company; Travelers Casualty Insurance Company of America; Travelers Commercial Casualty Company; The Travelers Home and Marine Insurance Company; Travelers Property Casualty Company of America; Travelers Property Casualty Insurance Company; The Charter Oak Fire Insurance Company; Discover Property & Casualty Insurance Company; Farmington Casualty Company; Northland Casualty Company; Northland Insurance Company; The Phoenix Insurance Company; St. Paul Fire and Marine Insurance Company; St. Paul Guardian Insurance Company; St. Paul Mercury Insurance Company; and St. Paul Protective Insurance Company.

Motion and dismiss the Second Amended Complaint ("SAC") against the Connecticut Defendants without prejudice.

## I.    BACKGROUND

Plaintiff MSP Recovery Claims, Series LLC filed suit against Defendants for violation of the Medicare Secondary Payer Act.[2] Plaintiff is the assignee of Medicare Advantage Plans ("MA Plans") that conditionally paid medical expenses on behalf of Medicare beneficiaries who were injured in automobile accidents and whose accident-related medical expenses were covered under a no-fault policy issued by one of the Defendants. Defendants were required to but did not reimburse the MA Plans for the conditional payments the MA Plans made to medical providers. Plaintiff sues multiple defendants to recover many of those conditional payments that Plaintiff allegedly made on their behalf.

Connecticut is the principal place of business of all the Connecticut Defendants. (ECF No. 95 at ¶¶ 14-26, 28-34). None are incorporated in Florida. In the SAC Plaintiff alleges that the Court has personal jurisdiction over the Defendants under two of the specific jurisdiction provisions of the Florida long-arm statute that confer personal jurisdiction over a non-citizen or resident of this state; that is, persons who "contracted to insure a person, property, or risk located within this state at the time of contracting" or did "operate, conduct, and carry on a business venture in the State of Florida." (*Id*. at ¶ 45; *see*

---

[2] As it must at this stage in this action, the Court assumes the truth of the factual allegations in the Second Amended Complaint.

*also* Fla. Stat. 48.193(1)(a) (1) and (4)).

I note, by way of introduction, that there are several problems with this assertion of personal jurisdiction. Plaintiff does not allege any facts about these Defendants that address and support the elements of these provisions of the Florida long arm statute. Moreover, Plaintiff wholly fails to plead facts to support the causation requirement of the specific jurisdiction provisions of the long-arm statute, that is, that the "cause of action aris[es] from" the enumerated actions of Defendants in Florida. Fla. Stat. 48.193(1)(a). In its response memorandum Plaintiff emphasizes that the Connecticut Defendants do business in Florida. This is no doubt true. But that is not enough for this Court to have jurisdiction over defendants under the specific jurisdiction provisions of the long-arm statute. Rather, as the statute mandates, Plaintiff's causes of action must arise out of the Connecticut Defendants' enumerated actions in Florida. As explained below, Plaintiff does not meet its obligation to demonstrate this.

The SAC does have five (5) "exemplar" claims that provide some factual detail regarding five specific Medicare beneficiaries and their accident-related medical expenses for which certain of the Connecticut Defendants are allegedly liable. (*Id*. at ¶¶ 82-136). Only one exemplar identifies a Florida resident who was injured in an accident in Florida; however, the Defendant who Plaintiff alleges is liable to reimburse Plaintiff for those medical expenses is not one of the Connecticut Defendants. (*Id*. at ¶¶ 82-92). The other four exemplars do not state whether a Connecticut Defendant contracted to insure a Medicare enrollee who was a Florida resident at the time or provide any other facts that might help establish the elements of the long-arm statute provisions that Plaintiff has pled.

Plaintiff also attaches a spreadsheet to the SAC, as Exhibit B, which Plaintiff describes as "potential claims" that allegedly "arise from Defendants' conduct within this State." (*Id*. at ¶ 45; 95-2).[3] Plaintiff alleges that the spreadsheet identifies "[a] list of instances where Defendants admitted, by reporting to CMS [Centers for Medicare & Medicaid Services], that they were obligated (pursuant to no-fault and other liability policies) to provide primary payment on behalf of [Medicare] Enrollees…." (*Id*. at 65). The spreadsheet includes a column titled "Msp Member State" which identifies "the state in which the Enrollee resides or is located." (ECF No. 95 at 18 n.11; 95-2). There are hundreds of rows in the spreadsheet, and some rows list "FL" in the Msp Member State column, which the Court assumes indicates Florida. (ECF No. 95-2). Plaintiff maintains that this spreadsheet, and the information in the five exemplars, adequately establishes this Court's personal jurisdiction over the Connecticut Defendants.[4]

In their Motion, the Connecticut Defendants ask the Court to dismiss the SAC against them because it fails to include facts that demonstrate that they are subject to general or specific personal jurisdiction. (ECF No. 107). In its response to the Motion, Plaintiff implicitly concedes that the Court does not have general jurisdiction over the Connecticut Defendants, as Plaintiff makes no argument that the general jurisdiction

---

[3] The Court may consider exhibits to the SAC on a motion to dismiss because "exhibits are part of the pleading for all purposes." *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (quotation marks and citation omitted).

[4] Plaintiff further alleges that all Defendants failed to reimburse "Plaintiff's Florida-based assignors and have failed to reimburse Plaintiff's assignors for treatments rendered by Florida-based providers to [Medicare] Enrollees located and/or residing in Florida." (ECF No. 95 at ¶ 45). Again, the SAC does not allege any facts to support these conclusory allegations as against the Connecticut Defendants.

provision of the Florida long-arm state, Fla. Stat. § 48.193(2), applies. (ECF No. 113 at 9-13).[5] Rather, Plaintiff argues that *three* of the specific jurisdiction provisions apply to the Connecticut Defendants. That is, Plaintiff invokes the two provisions alleged in the SAC, *i.e.*, Fla. Stat. § 48.193(1)(a)(1) – conducting business in Florida – which Plaintiff asserts applies because the Connecticut Defendants are "registered and licensed with the Florida Office of Insurance Regulation", and Fla. Stat. § 48.193(1)(a)(4) – insuring persons or property in the State – which Plaintiff says applies because the Connecticut Defendants "are engaged in writing policies and adjusting claims in Florida". Plaintiff also argues that a third provision, not plead in the SAC, confers personal jurisdiction, *i.e.*, Fla. Stat. § 48.193(1)(a)(6) – causing injury in Florida – which Plaintiff argues applies because the Connecticut Defendants "fail[ed] to reimburse Plaintiff's Florida-based assignors for services rendered to Florida-based Medicare beneficiaries…." (*Id*. at 10-13).[6] I analyze each provision below.

II.   **ANALYSIS**

   A.   <u>Legal Standard</u>

To determine whether a nonresident defendant is subject to personal jurisdiction, the court must evaluate "whether the exercise of jurisdiction (1) comports with the long-

---

[5] And, importantly, the SAC does not allege that the general jurisdiction provision of the Florida long-arm statute applies.

[6] Plaintiff's failure to allege, in the SAC, that this Court has jurisdiction under Fla. Stat. § 48.193(1)(a)(6) is reason alone to reject the argument Plaintiff now makes that this is a basis for personal jurisdiction. I also note further that the SAC does not allege facts that support jurisdiction on this ground.

5

arm statute of the forum… and (2) does not violate the Due Process Clause of the Fourteenth Amendment." *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 626 (11th Cir. 2010).

The second requirement means that the nonresident defendant must have sufficient "minimum contacts" with Florida that satisfy "traditional notions of fair play and justice." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002) (citations omitted). The Court need not address Due Process if the plaintiff "fail[s] to satisfy the state's long arm statute. *Maritime Executive, LLC v. Larson Electronics, LLC*, No. 17-cv-60323, 2018 WL 2938376, at *4 (S.D. Fla. June 11, 2018) (citations omitted) (noting that federal courts should avoid a constitutional question if it is unnecessary to the analysis). That is the case here; the Court does not reach the Due Process analysis because Plaintiff has not met its burden to establish that the specific jurisdiction provisions of the Florida long arm statute allow personal jurisdiction over the Connecticut Defendants.

Focusing, then, on the application of the Florida long-arm statute, the Court notes again that for the statute's specific personal jurisdiction provisions to apply, the cause of action must "arise out of or relate to a defendant's contacts with Florida…." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015) (citing Fla. Stat. § 48.193(1)(a)). This means that there must "be some direct affiliation, nexus, or substantial connection between the cause of action and the activities within the state." *St. Martinus Univ., NV v. Caribbean Health Holding, LLC*, No. 19-22278-CIV, 2020 WL 956301, at

\*10 (S.D. Fla. Feb. 27, 2020) (quotation marks omitted).[7] The failure of the SAC to allege any facts that plausibly demonstrate this connection is fatal to Plaintiff's effort to plead personal jurisdiction.

The Connecticut Defendants' challenge to personal jurisdiction puts in motion a shifting burden of proof. Initially, plaintiff "bears the … burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citations omitted). "[I]f the complaint allege[s] sufficient facts, and the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Diulus v. Am. Express Travel Related Servs. Co., Inc.,* 823 F. App'x 843, 848 (11th Cir. 2020) (quotation marks and citation omitted). To meet this burden, the plaintiff cannot "merely reiterate the factual allegations in the complaint" but, rather, must substantiate its jurisdictional allegations "by affidavits or other competent proof[.]" *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (quoting *Bloom v. A.H. Pond Co.,* 519 F. Supp. 1162, 1168 (S.D. Fla. 1981). Where there are multiple defendants, the court "review[s] personal jurisdiction as it relates to each defendant separately." *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

If there is a conflict between the complaint and the plaintiff's evidence on the one

---

[7] The Court also must "strictly construe []" Florida's long-arm statute in favor of the nonresident defendant. *Sculptchair, Inc. v. Century Arts, Ltd*., 94 F.3d 623, 627 (11th Cir. 1996).

7

hand, and the defendant's evidence on the other, "the court must construe all reasonable inferences in favor of the plaintiff." *Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). The plaintiff ultimately meets its burden to establish personal jurisdiction "if it presents enough evidence to withstand a motion for judgment as a matter of law." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021); *see also Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d at 1284, 1292 (11th Cir. 2021) ("It is by now almost axiomatic that a plaintiff bears the burden of establishing a prima facie case of personal jurisdiction, meaning it must present enough evidence to withstand a motion for a directed verdict.").

Plaintiff fails to satisfy its obligation under this burden-shifting scheme for two reasons. First, the SAC does not include sufficient facts to make out a prima facie case of personal jurisdiction. Second, even if Plaintiff had met this burden, it fails to respond to the Connecticut Defendants' affidavit evidence with competent proof that supports its jurisdictional allegations.

> B.  Plaintiff Has Not Met Its Threshold Burden to Allege Sufficient Facts to Make a Prima Facie Case of Jurisdiction Over the Connecticut Defendants

As mentioned, Plaintiff relies on sections 48.193(1)(a)(1), 48.193(1)(a)(4), and 48.193(1)(a)(6) of Florida's long-arm statute, to establish specific personal jurisdiction over the Connecticut Defendants. The statute states, in pertinent part:

> (1)(a) A person, whether or not a resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself … to the jurisdiction of the courts of this state *for any cause of action arising from* any of the following acts:

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state [*"conducting business"* or]
>
> 4. Contracting to insure a person, property, or risk located within this state at the time of contracting [*"insuring persons or property"* or]
>
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury [*"causing injury"*] ...
>
>> a. The defendant was engaged in solicitation or service activities within this state …

Fla. Stat. § 48.193(1)(a)(1), (4), (6) (emphasis supplied).

The first step in the personal jurisdiction burden-shifting framework asks whether Plaintiff has alleged sufficient facts to demonstrate that the Connecticut Defendants fall within the selected provisions of the long-arm statute. Plaintiff relies solely on its exemplar claims and the spreadsheet at Exhibit B to do this. (ECF No. 95 at ¶ 45). I focus first on the "conducting business" and "insuring persons or property" provisions of the long-arm statute, and then turn separately to the "causing injury" provision.

> 1. Plaintiff Does Not Allege Sufficient Facts to Establish the "Conducting Business" or "Insuring Persons or Property" Provisions of the Long-Arm Statute

Plaintiff alleges "the exemplar claims demonstrate that Defendants conduct business within this state." (*Id.*). They do not, as none allege that any of the Connecticut Defendants' actions took place in Florida. (*Id.* at ¶¶ 93-136). Specifically, the exemplar claims include no facts that indicate that any of the Connecticut Defendants conducted

9

business in Florida or insured persons or property in Florida.[8] (*See Id.*)

Exhibit B also does not support personal jurisdiction. The SAC alleges that "a substantial number of the potential claims identified on Exhibit B … arise from Defendants' conduct within this State." (ECF No. 95 at ¶ 45). There is nothing in Exhibit B that supports this conclusory assertion. The Exhibit is a spreadsheet with hundreds of rows, each of which allegedly identifies "(1) an Enrollee…(2) the state in which the Enrollee resides or is located [the "Msp Member State column"] …(3) the date of loss or settlement…(4) the primary plan contract or policy number as reported by Defendants…(5) the relevant Defendant…(6) the type of policy under which Defendants' primary payer obligations arise…and (7) the relevant assignor." (ECF No. 95 at 18 n.11). For purposes of personal jurisdiction, Plaintiff relies upon the "Msp Member State" column which, as noted, in some instances states "FL". (ECF No. 95-2). That column indicates the location of the Medicare Enrollee at an unidentified point in time. It says nothing about where the Enrollee was when a Connecticut Defendant allegedly contracted to provide them insurance – if, in fact, one did so. To sharpen the point: if, for example, a Connecticut Defendant insured an Enrollee when that person lived in Massachusetts and the Enrollee

---

[8] Previously, the Court denied that part of Plaintiff's Motion for Leave to file Second Amended Complaint, in which Plaintiff wanted to allege 17 new exemplar claims. (ECF Nos. 54, 87, 121). Plaintiff now asks the Court to include nine (9) of those exemplars in its analysis here, regarding whether Plaintiff sufficiently demonstrated personal jurisdiction over the Connecticut Defendants. (ECF No. 113 at 7-9). Those previously proposed nine (9) exemplar claims are not part of the Second Amended Complaint. Nor has Plaintiff submitted affidavit evidence with particular information about those, or any other claims encompassed in Plaintiff's lawsuit, to counter the Connecticut Defendants affidavit evidence. *See*, Section II (C), *supra*. This information is therefore outside the record upon which the Court can resolve the Motion.

later was in an automobile accident in Florida, the presence of the Enrollee in this State at the time of the accident does not establish that the cause of action arose from that Defendant's conducting business in Florida or insuring persons or property in Florida.

In response to the Motion, Plaintiff submitted a declaration of an attorney knowledgeable about the creation of Exhibit B, who states that the Msp Member State column reflects "[t]he residence state of the [Medicare] beneficiary *at the time the medical service* was received." (ECF No. 113-1 at ¶ 7) (emphasis supplied). This undermines the notion that the Msp Member State column supports Plaintiff's assertion of specific long-arm jurisdiction. The Connecticut Defendants did not provide medical services. In other words, whether Enrollees were located in Florida at the time they received medical treatment does not bear on whether the Connecticut Defendants operated a business in this State or contracted to insure a person or property in this State.

When we consider the significance of the Msp Member State column, we must remember that some Enrollees did not contract with any of the Defendants. Those Enrollees were injured in car accidents, with a liable tortfeasor who was one of the Connecticut Defendants' insured. In those instances, the tortfeasor entered into a settlement with the Enrollee, thereby obligating one of the Defendants to pay the Enrollee's accident-related medical expenses. (ECF No. 95 at ¶ 2). Given that the Enrollee is not an insured of the Connecticut Defendants, the location of the Enrollee does not bear on whether the Connecticut Defendants conducted business in Florida or insured persons or property in Florida.

In sum, Plaintiff does not go beyond conclusory assertions to explain how the

11

"residence or location" information in the "Msp Member State" column demonstrates that the Connecticut Defendants conducted business in Florida or insured persons or property in Florida.

> 2. Plaintiff's Allegations Establish that the "Causing Injury" Provision of the Long-Arm Statute is Inapplicable

Plaintiff similarly cannot rely on the Msp Member State column, or Exhibit B, to show that Defendants injured persons or property within this State. This is because Plaintiff alleges only economic harm.[9] In this Circuit it is clear that jurisdiction is "not proper under § 48.193(1)(a)(6)" where the plaintiff "has alleged only economic injuries." *Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 735-36 (11th Cir. 2018) (citing *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) ("The Florida Supreme Court has held that … § 48.193(1)(a)(6) applies only when a defendant's out of state actions cause personal injury or damage to physical property in the State of Florida.")). Here, Plaintiff does not allege that Defendants' conduct caused personal injury or damage to physical property, and the only remedy it seeks is monetary damages. (ECF No. 95 at ¶ 160). As such, this avenue of specific personal jurisdiction is not available to Plaintiff.

In sum, regarding all three specific jurisdiction provisions, Plaintiff presents only conclusory allegations in the SAC that "the potential claims in Exhibit B…arise from Defendants' conduct within this State" and "Defendants have failed to reimburse Plaintiff's Florida-based assignors and have failed to reimburse Plaintiff's [other] assignors for

---

[9] For the sake of completeness, I proceed beyond Plaintiff's failure to plead this provision of specific long-arm jurisdiction, to note that this record does not support that basis of jurisdiction even if it had been pled.

treatments rendered by Florida-based providers to Enrollee located and/or residing in the State of Florida." (ECF No. 95 at ¶ 45). This falls well short of Plaintiff's threshold burden to allege facts that make out a prima facie case of jurisdiction.

For the foregoing reasons, the Court concludes that Plaintiff has not met its initial burden to plead personal jurisdiction, and this warrants dismissal of the Connecticut Defendants.

> C. Even If Plaintiff Met Its Threshold Burden, It Has Not Submitted Evidence to Support Personal Jurisdiction Over the Connecticut Defendants

The Connecticut Defendants submitted a declaration of their Claims Manager, Diane Kempton, in which she provides specific information about each of the exemplar claims to demonstrate that none of Plaintiff's claims "arise out of or relate to"[10] the Connecticut Defendants' contacts with Florida. (ECF No. 109-1). Had Plaintiff met its burden to plead a prima facie claim of personal jurisdiction, then it would have to respond to the Defendants' evidence with evidence of its own that demonstrates the existence of personal jurisdiction. *Diulus*, 823 F. App'x at 848. It did not do this.

Instead, Plaintiff argues that the Connecticut Defendants "are engaged in writing policies and adjusting claims in Florida", (ECF No. 113 at 11), and submits documents from the Florida Department of State and Florida Office of Insurance Regulation as evidence of this. (ECF No. 113-2). Plaintiff does not provide evidence that the claims in this lawsuit arise out of that conduct.

---

[10] Fla. Stat. § 48.193(1)(a).

The Connecticut Defendants may write many policies and adjust many claims in Florida. That alone does not give rise to specific long-arm jurisdiction over them in this action. Again, section 48.193(1)(a) directs that personal jurisdiction exists over a nonresident defendant "for any cause of action arising from" the acts enumerated in that subsection. Fla. Stat. § 48.193(1)(a). "Although the term 'arising from' is somewhat broader than the concept of proximate cause, under Florida law there must nevertheless be some 'direct affiliation,' 'nexus,' or 'substantial connection' between the cause of action and the activities within the state." *St. Martinus Univ., NV*, 2020 WL 956301, at *10. Plaintiff has not submitted any evidence that the claims for reimbursement in this lawsuit are directly affiliated with, or have a nexus or substantial connection to, insurance policies that the Connecticut Defendants wrote in Florida. Without this evidence, Plaintiff has not established that the Connecticut Defendants are subject to specific jurisdiction.

Plaintiff raises an alternative argument: "even if [the Connecticut Defendants] weren't doing business and writing policies in Florida, the Connecticut Defendants are subject to this Court's personal jurisdiction because their failures to reimburse Plaintiff's Florida-based assignors constitute unlawful acts in Florida, resulting in damages in Florida." (ECF No. 113 at 12). Plaintiff provides no legal authority for this argument. The only two cases that Plaintiff cites[11] involve specific jurisdiction over defendants who committed tortious acts under § 48.193(1)(a)(2), (ECF No. 113 at 13), which is a different

---

[11] Those cases are *Keim v. ADF MidAtlantic, LLC,* 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016) and *American Airlines, Inc. v. Despegar.com USA, Inc.*, No. 13-22773-civ, 2014 WL 11880999, at *4 (S.D. Fla. May 14, 2014).

form of specific long-arm jurisdiction which Plaintiff has not alleged – or supported with evidence. And, as already noted, to the extent Plaintiff relies upon section 48.193(1)(a)(6) (causing injury to persons in Florida arising out of the Connecticut Defendant's conduct outside the state), its reliance is misplaced because Plaintiff has alleged only economic injury. *See Prunty*, 753 F. App'x at 735-36.

For these reasons, the Court concludes that Plaintiff has failed to establish jurisdiction over the Connecticut Defendants under Florida's long-arm statute. The Court therefore does not engage in a due process analysis. *See Maritime Executive, LLC*, 2018 WL 2938376 at *4.

D. <u>Plaintiff Has Not Justified Jurisdictional Discovery</u>

Plaintiff makes an alternative request, buried in a footnote, that the Court allow it to conduct limited jurisdictional discovery.[12] (ECF No. 113 at 12 n.9). I recommend that the Court decline this request. As noted, plaintiff has not met its initial burden to allege a prima facie case of personal jurisdiction. "[A] district court does not abuse its discretion by denying jurisdictional discovery 'if the complaint was insufficient as a matter of law to establish a <u>prima</u> <u>facie</u> case that the district court had jurisdiction.'" *Diulus v. American Express Travel Related Services Co., Inc.*, 823 F. App'x 843, 849 (11th Cir. 2020) (quoting *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) (collecting cases)). Moreover, Plaintiff does not justify its entitlement to or the likely success of jurisdictional discovery.

---

[12] It is not clear that Plaintiff requests *personal* jurisdiction discovery but, in an abundance of caution, the Court addresses the possibility.

E.  Plaintiff Should Not Be Given Leave to Amend

Plaintiff makes this ambiguous request in the "Conclusion" section of its opposition memorandum: "[S]hould this Court identify a pleading defect in any respect, Plaintiff prays for a reasonable opportunity to cure the defect to maintain their meritorious cause of action." (ECF No. 113 at 15). Plaintiff does not elaborate. To the extent that Plaintiff requests leave to amend the SAC to better allege personal jurisdiction, I recommend that the Court deny this request.

"[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Newton v. Duke Energy Florida, LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018). Indeed, another division of this Court recently rejected Plaintiff's request for leave to amend under the same circumstances. In *MSP Recovery Claims Series, LLC v. Nationwide Mutual Insurance Company*, the Honorable Robert N. Scola, Jr. dismissed without prejudice Plaintiff's complaint for lack of personal jurisdiction and denied Plaintiff's request for leave to amend "inserted, as an afterthought, at the end of their opposition to the Insurance Companies' motion [because] the request is both procedurally defective and lacking in substantive support." No. 20-21573-Civ, 2021 WL 355133, at *5 (S.D. Fla. Feb. 2, 2021).

Moreover, Plaintiff does not show that it is entitled to leave to amend. "The party seeking leave to amend [a pleading] bears the burden of establishing entitlement to it..." *In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014). Plaintiff has not met this burden.

Finally, "a district court has discretion to deny leave to amend when the moving

16

party's delay was the result of bad faith, dilatory tactics, or sheer inadvertence, or when the moving party offers no adequate explanation for a lengthy delay." *In re Engle Cases*, 767 F.3d at 1119. That is the situation here. The Connecticut Defendants filed two motions to dismiss prior to the SAC, both of which raised the same arguments that they raised in the pending Motion, that this Court lacks personal jurisdiction. (ECF Nos. 17, 37, 107). Following each motion, Plaintiff amended its complaint (once by right, and the other on a motion) and thus was able to replead with the benefit of the Connecticut Defendants' arguments. Even so, Plaintiff did not include any factual allegations in the SAC to establish personal jurisdiction over the Connecticut Defendants.

This case has been pending for nearly two years yet remains at the pleading stage. One of Plaintiff's lead counsel, the MSP Recovery Law Firm, has filed scores of MSP Act cases across the country against scores of insurance companies. With that expertise, the Court can reasonably expect Plaintiff to anticipate and meet its pleading obligations without having to file what would be a fourth complaint.

For the foregoing reasons, I recommend that the Court deny Plaintiff's request for leave to amend the SAC.

### III.   CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Connecticut Defendants' Motion to Dismiss for lack of personal jurisdiction, (ECF No. 107), and **DISMISS** the Second Amended Complaint against them **WITHOUT PREJUDICE**.

IV.     **OBJECTIONS**

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 16th day of June 2022.

*[signature]*
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Kathleen M. Williams
        Counsel of record